**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LUIS ALBERTO MARIN-CORO,**<br>**Petitioner,**<br>**v.**<br>**TODD BLANCHE, et al.,**<br>**Respondents.** | **Civil Action No. 26-12591 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Luis Alberto Marin-Coro, who is presently detained by U.S. Immigration and Customs Enforcement ("ICE") in the Elizabeth Contract Detention Facility, Elizabeth, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Ecuador. (*Id.* ¶ 3). He entered the United States without inspection on or about November 7, 2023,[1] and was encountered by Border Patrol near Eagle Pass, Texas, that same day. (ECF No. 4-1 at 3).

3. Petitioner was issued a Notice and Order of Expedited Removal on November 9, 2023. (ECF No. 4-2 at 2). Petitioner alleged that he had a credible fear of persecution or torture, and on December 18, 2023, an asylum officer concluded that Petitioner had established a credible fear of torture. (ECF No. 4-1 at 3; ECF No. 4-3 at 5–6).

[1] The Petition states that Petitioner entered the United States in October 2023, (ECF No. 1 ¶ 19), but the DHS Record of Deportable/Inadmissible Alien and the Notice and Order of Expedited Removal list his entry date as November 7, 2023, (ECF No. 4-1 at 3; ECF No. 4-2 at 2).

4. On December 29, 2023, Petitioner was released on parole pursuant to 8 U.S.C. § 1182(d)(5)(A) for a period of one year.[2] (ECF No. 4-5 at 2). He has resided in New Jersey since his release and has no criminal history. (ECF No. 1 ¶¶ 20–24; ECF No. 4-1 at 3).

5. ICE detained Petitioner on September 21, 2026, in Newark, New Jersey. (ECF No. 1 ¶ 22; ECF No. 4-1 at 3).

6. ICE arrested Petitioner pursuant to a Form I-200 Warrant for Arrest of Alien, which is directed to immigration officers "authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act" and states that it is based upon, among other things, "the pendency of ongoing removal proceedings against the subject." (ECF No. 7-1 at 2). Section 236 of the Immigration and Nationality Act is codified at 8 U.S.C. § 1226.

7. On the day of the arrest, ICE issued Petitioner a Form I-286 Notice of Custody Determination stating that he was being detained "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations." (ECF No. 7-2 at 2). The Notice advised Petitioner that he could request review of the custody determination by an immigration judge, and the attached addendum advised him that he could "request an individualized bond determination hearing if [he was] being held under INA § 236(a) (discretionary detention)." (*Id.* at 2–3). Petitioner refused to sign the form. (*Id.* at 2). ICE's own record of the arrest states that Petitioner "was processed as a CUSTODY REDETERMINATION." (ECF No. 4-1 at 4).

---

[2] The DHS Record of Deportable/Inadmissible Alien prepared at the time of Petitioner's September 2026 arrest states that Petitioner "was released on recognizance" on December 30, 2023. (ECF No. 4-1 at 3). Respondents maintain that Petitioner was paroled and state only that "it is unclear why the I-213 . . . indicates a release on recognizance." (ECF No. 7 at 1).

8. On September 23, 2026, ICE issued a Notice to Appear charging Petitioner with being a noncitizen "present in the United States who has not been admitted or paroled." (ECF No. 4-4 at 2). The Notice to Appear does not designate Petitioner as an arriving alien, nor does it indicate that it was issued following a credible fear finding. (*Id.*). Petitioner filed the Petition on September 23, 2026—the same day the Notice to Appear was issued. (ECF No. 1).

9. Respondents answered on September 29, 2026, arguing that Petitioner is properly detained under 8 U.S.C. § 1225(b)(1) because he is a noncitizen who "was (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) had a credible-fear screener interview for an asylum claim after which an asylum officer found he had a credible fear of persecution should he be returned to his home country." (ECF No. 4 at 2). According to Respondents, "Petitioner thus falls under the mandatory detention requirements of § 1225(b)(1)." (*Id.*).

10. On October 13, 2026, this Court ordered supplemental briefing on, among other things, whether Petitioner's release in December 2023 was on parole under 8 U.S.C. § 1182(d)(5)(A) or on his own recognizance and whether Petitioner was arrested pursuant to an administrative warrant. (ECF No. 6). In response, Respondents confirmed that Petitioner was served with the warrant and the Notice of Custody Determination upon his arrest but stated that "the I-286 [Notice of Custody Determination] was issued in error and will be cancelled." (ECF No. 7 at 1). Respondents have not withdrawn the warrant. (*See id.*). And they have offered no declaration or other evidence explaining the error in issuing the Notice of Custody Determination.

(*Id.*). Petitioner has not received a bond hearing, and Respondents represent that he has not requested one. (*Id.*).[3]

11. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

12. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

13. This Court concludes that Petitioner is being unlawfully detained under 8 U.S.C. § 1225 because Petitioner was apprehended inside the United States after residing here for almost three years, and therefore he should have been detained under 8 U.S.C. § 1226. *Buele Morocho v. Warden Phila. FDC*, 189 F.4th 287, 299 (3d Cir. 2026) ("[Section] 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders."); *see Dabre v. Soto*, No. 26-cv-2142, 2026 WL 699934, at *2 (D.N.J. Mar. 12, 2026).

[3] Petitioner's failure to request a bond hearing does not change this outcome. Exhaustion is required when Respondents concede that a petitioner is detained under § 1226(a), but not when they maintain that § 1225(b) governs and an immigration judge therefore could not grant bond. *See Faconda Shambi v. Soto*, No. 26-cv-8651, 2026 WL 2098815, at *2 (D.N.J. July 21, 2026). Respondents maintain that Petitioner is detained under § 1225(b), (ECF No. 4 at 2–3), and have taken back the only document advising Petitioner that he could seek bond, (ECF No. 7 at 1). A bond request would therefore be futile and would not cure detention under § 1225(b)(1) that began with an arrest under § 1226.

14. The September 23, 2026, Notice to Appear alleges that Petitioner is a noncitizen who is "present in the United States who has not been admitted *or paroled*." (ECF No. 4-4 at 2 (emphasis added)). "That language aligns with § 1226(a), not § 1225(b)(1)." *Dabre*, 2026 WL 699934, at *2. "Notably, the issuing officer appears to have explicitly declined to designate Petitioner as an 'arriving alien,' which is the active language used to define the scope of" mandatory detention under § 1225(b)(1). *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 (D. Mass. 2025) (construing and discussing § 1225(b)(2)(A) and its implementing regulation, 8 C.F.R. § 235.3(c)(1)).

15. Despite Respondents' initial argument that they lawfully arrested Petitioner under § 1225(b)(1), (ECF No. 4 at 2), ICE in fact arrested and detained Petitioner under § 1226. The warrant on which Petitioner was arrested (Form I-200) invokes section 236 of the Immigration and Nationality Act—which is codified as § 1226. (ECF No. 7-1 at 2). And so too does the Notice of Custody Determination (Form I-286), which states that Petitioner was detained "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act." (ECF No. 7-2 at 2); *see Dabre*, 2026 WL 699934, at *2. ICE then advised Petitioner that he could seek review of its custody determination by an immigration judge and recorded that he had been processed as a custody redetermination. (ECF No. 7-2 at 2–3; ECF No. 4-1 at 4). Thus, "DHS has consistently treated [Petitioner] as subject to detention on a discretionary basis under § 1226(a), which is fatal to Respondents' claim that he is subject to mandatory detention under § 1225(b)." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483–84 (S.D.N.Y. 2025) (emphasis in original); *see Chavez v. Bondi*, No. 26-cv-790, 2026 WL 523226, at *2 (D.N.J. Feb. 25, 2026) (rejecting argument that ICE detained petitioner under § 1225(b) when ICE had in fact "relied on § 1226 in arresting and detaining [p]etitioner"); *Maldonado v. Cabezas*, No. 25-cv-13004, 2025 WL 2985256, at *3–4

(D.N.J. Oct. 23, 2025) (finding § 1226(a), not § 1225(b)(2), governed, relying in part on ICE's Notice of Custody Determination invoking § 1226(a)). Having relied on § 1226 in arresting and detaining Petitioner, Respondents cannot now assert that § 1225(b)(1) is the basis for detention. *Chavez*, 2026 WL 523226, at *2.

16. Respondents' assertion that the Notice of Custody Determination "was issued in error and will be cancelled" does not alter this conclusion. (ECF No. 7 at 1). "This Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later." *Mera Barre v. Blanche*, No. 26-cv-8751, 2026 WL 2262326, at *2 (D.N.J. Aug. 5, 2026) (citing *Lopez Benitez*, 795 F. Supp. 3d at 486 (releasing petitioner and explaining that the court "cannot credit [r]espondents' new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention")).

17. Nor does Petitioner's December 2023 parole subject him to § 1225(b)(1). At the conclusion of his parole, Petitioner was "restored to the status that [he] had at the time of parole," 8 C.F.R. § 212.5(e)(2)(i)—in other words, he was a noncitizen already present in the country. *Dabre*, 2026 WL 699934, at *2. Nearly two years after Petitioner's parole expired, ICE arrested Petitioner in Newark on a § 1226 warrant, issued a § 1226 custody determination, and charged him as present in the United States without admission or parole. (ECF No. 7-1 at 2; ECF No. 7-2 at 2; ECF No. 4-4 at 2).

18. Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(1), which Respondents press, violates the laws of the United States and Petitioner's due process rights. *See Buele Morocho*, 189 F.4th at 305 (holding that detention without a bond hearing of noncitizens who have lived in the United States for an extended period of time with no criminal record violates due process).

19. Accordingly, this Court will grant the Petition and order Petitioner's release.

20. An appropriate order follows.



Hon. Susan D. Wigenton,
United States District Judge
Dated: October 23, 2026